## GARDNER v. CHEATHAM.

1. JUDICIAL SALE—PURCHASER.—A purchaser at a judicial sale is bound, at
his peril, to see that the court ordering the sale had jurisdiction of the
subject matter, and that all proper parties were before the court when the
order was made.

2. TRANSFER OF EQUITY CAUSES IN 1869.—Defendants to a suit for the settle-
ment of an estate, which was regularly pending in the old Court of Equity
and which appeared upon the equity docket in 1867, 1868, and 1870, and
in which a consent order of reference was passed by the judge of the Court
of Common Pleas on January 21, 1871, are not bound by an order of sale
of the Court of Probate, dated December 6, 1870, and a sale and deed
thereunder on January 2, 1871, it not appearing that the cause had ever
been transferred to the Court of Probate, or that defendants consented to
the order.

3. APPARENT DEFECT—COLLATERAL ATTACK.—The error in the decree of the
Probate Court appearing upon the face of the record, the validity of the
decree may be disputed in a subsequent proceeding.

4. EVIDENCE—RECORDS OFFERED AND ATTACKED.—Where plaintiffs claim
partition and defendants claim full title, the plaintiffs may assail a judg-
ment and a deed thereunder which they had introduced in evidence to
show the ground of defendants' claim.

5. EVIDENCE—PROOF AS TO TRIBUNAL.—The issue being whether a cause had
been transferred from the old Court of Equity to the Court of Common
Pleas or to the Court of Probate, it was competent for one of the attorneys
of record in that cause to testify as to which tribunal he appeared in and
litigated for his clients.

6. IBID—RECORD.—Where the order of the Probate Court showed on its face
no consent by defendants' attorney, the Circuit Judge erred in holding the
contrary.                                                            •

10—37

7. EVIDENCE—ISSUES.—Knowledge by the attorney of record of the existence of the order not being in issue, evidence upon this point was properly excluded.

8. IBID—SERVICE OF SUMMONS.—Whether a party has been served must be shown by the record itself, and not by the testimony of the party.

9. TRANSFER OF EQUITY CAUSES IN 1869.—Whether an order is necessary to transfer a cause which the statute declares shall be transferred, and what division was made of equity causes by the Constitution of 1868 between the Courts of Common Pleas and Probate, raised but not decided.

Before IZLAR, J., Aiken, April, 1891.

John B. Gardner died intestate, survived by a widow, Anna, who intermarried with S. E. Mays, and by two children, J. H. Gardner and Emma E., who intermarried with Bird. Mrs. Mays had one child, Susan, by her second marriage. Samuel W. Gardner, as administrator of John B. Gardner, filed a bill in the old Court of Equity against Anna Mays and others for sale of lands, marshaling of assets, etc. Creditors were called in, and two hundred acres of land were allotted to Mrs. Mays, widow of John B. Gardner, for life, as and for her dower. The case remained on the dockets of the Equity Court in 1867 and 1868, and on the same docket, in the Court of Common Pleas, in 1876, the last entry being "Continued, 11 March, 1870." The only paper or record in the Probate Court is the order of December 6, 1870, copied into the opinion of this court. On January 21, 1871, Judge Melton, by consent and at chambers, passed an order of reference.

This action is for a partition of the land assigned for dower to Mrs. Mays, who died prior to December, 1870. The plaintiffs are her two children by her first marriage; the defendants are her surviving husband and her daughter, Susan, by her second marriage, who had intermarried with Walter S. Cheatham. Afterwards, S. E. Mays died, and W. S. Cheatham administered on his estate. These defendants claimed full title under the deed to S. E. Mays, at his purchase on January 2, 1871, under the decree of the Probate Court. From the judge's decree in favor of plaintiffs, and from some rulings on questions of evidence, the plaintiffs appealed on the following exceptions:

I. Because the Circuit Judge erred in excluding so much of the evidence of H. W. Addison as follows his "inference." II. Because the Circuit Judge erred in holding, that on the face of the order J. L. Addison did consent to the order. III. Because the Circuit Judge erred in not allowing the witness, J. L. Addison, to answer whether or not he had knowledge of the order at the time it was granted. IV. Because the Circuit Judge erred in not allowing J. H. Gardner to testify whether he had ever been served with a summons or writ in the Probate Court in the case at Edgefield. V. Because the validity of the order of sale in the Probate Court depended upon the fact, whether or not the original case had been transferred from the old Court of Equity to that court, and the Circuit Judge erred in raising such presumption; that was a question of fact, which could only be passed upon by the jury. VI. Because it appeared from the evidence that the original case was, after the 1st day of January, 1869, in the Court of Common Pleas at Edgefield, and it also appeared from the evidence that it was still in the Court of Common Pleas after the sale made by the probate judge; and it was a question of fact, whether or not the case was still in the Common Pleas at the time of the order of the probate judge, and for that reason the Circuit Judge erred in not submitting the case to the jury. VII. Because it appears from the evidence that, at the time the probate sale was had, the original case was pending in the Court of Common Pleas at Edgefield, and for that reason the Circuit Judge erred in granting the non-suit.

*Messrs. Croft & Chafee* and *O. C. Jordon,* for appellants.

*Messrs. W. T. Gary* and *Henderson Bros.,* contra.

November 28, 1892.    The opinion of the court was delivered by

MR. JUSTICE POPE.    There having been a non-suit granted in this action at the trial thereof before Judge Izlar and a jury, at the Court of Common Pleas for Aiken County, on the 30th April, 1891, after judgment thereon the plaintiffs appeal to this court substantially on two grounds : first, that his honor erred

in granting the non-suit itself; and, second, that his honor erred in relation to each of his specified rulings as denied the plaintiffs the benefit of certain testimony when he decided that the same was incompetent. We will examine these two grounds of appeal in their order.

1. Did the Circuit Judge err in granting the non-suit? The following is his order: "The plaintiffs herein having closed their testimony, the defendants' counsel moved for a non-suit. The court is satisfied the same must be granted, for the following reasons, among others: The plaintiffs introduced in evidence the deed from the probate judge of Edgefield County to Samuel E. Mays, the ancestor of the defendants, and also the judgment of the Probate Court, dated December 6, 1870, in the case of Samuel W. Gardner against Anna Mays *et al.*, whereby the land in question was ordered to be sold. Said suit of Gardner *v.* Mays, it further appeared, was pending in the old Court of Equity when it was abolished by law, and to that suit the plaintiffs in this action were properly made parties. That suit being for the marshaling of the assets of the estate of John B. Gardner, and the sale of his lands to pay debts, was cognizable in the Court of Probate, and could have been transferred there either by act of law or an order of the court. We find the Probate Court by its judgment selling this property in the same cause, and its record being silent as to the transfer, all things are presumed to have been done which ought to have been done. Besides, this same judgment is the determination of a court of competent jurisdiction, and cannot be attacked collaterally, and could only be attacked by those plaintiffs in a direct proceeding in that court and in that suit. Wherefore, it is ordered, that the order of non-suit be granted and that the complaint be dismissed with costs."

The language of the so-called judgment of the Probate Court is as follows:

"*Samuel W. Gardner, Administrator, against Anna Mays, Samuel Mays, et al., bill to marshal assets, &c.* It appearing to the satisfaction of the court that the estate assigned to Mrs. Anna Mays as dower in the above cause has expired by her death, and that the same is now a subject matter for partition among the cre-

ditors of the intestate, John B. Gardner, deceased, the former husband of the said Anna, and with consent of Mr. H. W. Addison, attorney for some of the creditors: It is ordered, that said dower be sold by the sheriff of Edgefield County, at Edgefield Court House, on the first Monday in January next (1871), for cash. Purchaser to pay for titles and U. S. stamps extra. December 6, 1870. D. L. Turner, Judge of Probate. We consent. H. T. Wright.''

This court has quite recently, in no qualified terms, expressed the duty it feels in passing upon questions growing out of the question whether a judgment of a court of competent jurisdiction as between the parties could be assailed as void by any one or more of such parties in a distinct and separate action. *Crocker* v. *Allen*, 34 S. C., 452; *Gilliam* v. *Arnold*, 35 *Id.*, 612. But this court has been equally emphatic in holding that a purchaser at a judicial sale is bound, at his peril, to inquire as to two matters, viz: that the court ordering the sale had jurisdiction of the subject matter, and that all proper parties were before the court when the order was made. *Trapier* v. *Waldo*, 16 S. C., 282, and authorities there cited.

Now, when we apply these principles to the case at bar, we find that the plaintiffs were infant children of the intestate, John B. Gardner, who died in 1861; that they were made parties defendant to a bill in equity, filed in the Court of Equity for Edgefield District, to marshal assets, sell lands to pay debts, &c., and that they were legally represented in that court (the Court of Equity) by a guardian *ad litem;* that such suit in equity was on the docket of such Court of Equity until its abolishment in 1868, and remained on the calendar of the Court of Common Pleas in 1870, 1871, and orders were passed in said court in January, 1871. The witness, John L. Addison, when testifying in the case at bar, states that there were no papers connected with this suit in the Probate Court just after the order was made on the 6th December, 1870, except that order itself. By the terms of that order, no consent thereto is made by the infants, their guardian *ad litem*, or any attorney representing such guardian *ad litem*, but the name of the complainants' solicitor alone appeared there. Now, under these cir-

cumstances, how did Mays, the purchaser at such sale ordered by the Probate Court, stand? Granted that the Probate Court had jurisdiction, what parties to the original equity suit did he find were present and consenting to the order made by the Probate Judge? Confessedly, only the original complainants' solicitor. Could he err, therefore, in determining whether "all proper parties were before the court when the order was made?" The judgment itself confessed that there was a failure in that respect.

But the Circuit Judge thinks the plaintiffs should have corrected the error in the Probate Court. The answer is that this court, in the case of *Tederall* v. *Bouknight*, 25 S. C., 275, held, that when the proceedings or the record "were regular on their face," it was error to admit parol testimony to contradict the record and annul the sale as to the record; that the record must be appealed to to show any irregularity or vice. And in the case last cited, the record on its face showed that Mrs. Tederall, *nee* Stewart, had not been made a party to the action in the manner required by law. And in the case at bar, the record of the Probate Court shows that the plaintiffs did not, by their guardian *ad litem* or his attorney, consent to such order of sale. In *Tederall* v. *Bouknight*, the purchaser showed that he paid the full value of the land. In the case at bar, Mays paid $250 for that worth $3,000, as it is alleged in testimony.

To so much of the position of the Circuit Judge that insists that the plaintiffs introduced the judgment of the probate judge and the deed from the sheriff thereunder, if it is intended to assert that, therefore, such documents could not be explained as was attempted in the case at bar, we think the position is untenable. Take an action for libel; does not the plaintiff introduce the alleged libellous matter in evidence and then disprove its truth? Take slander on the actionable words proved to have been uttered and their falsity thereafter established. When it is claimed one holds a forged deed or note, does not the plaintiff introduce the forged deed or note and establish the forgery? It is essential to a plaintiff to show, in a case like this, something that serves to explain the attempted

tenure of the land in dispute by the defendants. In the case at bar, the ancestor of the defendants, who was himself a party to the suit, and whose administrator since his death is a party by substitution, claimed the land under the deed of the sheriff through the judgment of the Probate Court.

We think, therefore, the Circuit Judge was in error in granting the non-suit.

2. Were the rulings of his honor, the Circuit Judge, correct as to incompetency of certain testimony offered at the trial?

As to exception 1, relating to the testimony of H. W. Addison. So far as this witness was able to testify strictly to the issue, as to which tribunal the attorneys of record in the original cause appeared and litigated for their clients, we think his testimony competent. Such testimony did not contradict the record. If it had done so, it would have been incompetent, unless fraud was charged.

As to exception 2. It was error for the Circuit Judge to hold, in the absence of any written evidence on the subject, that J. L. Addison did consent to the order. Sometimes the law imputes consent to an order when the conduct of a party is inconsistent with any other conclusion. The order on its face showed no such consent, nor has our attention been drawn to any circumstance in testimony as to any conduct on his part requisite to imply assent on his part.

As to exception 3. We do not think the judge erred in deciding that the testimony of Mr. Addison as to his knowledge of the existence of the order was incompetent. It was not an issue in this case.

As to exception 4. Having held that the record itself must be appealed to to show the absence of parties necessary to the record, we do not think it was error in the Circuit Judge to refuse to allow J. H. Gardner to testify as to what papers were served on him.

As to exception 5. This question will be left open. We are frank to say, however, that we can conceive that the law making it imperative upon one court to transfer a record to another distinct tribunal, might enable the latter tribunal to claim and exercise jurisdiction, but we do not propose

now to decide how far the Constitution of 1868, and the statutes in pursuance to its provisions, relating to the old Court of Equity, made a division of causes then pending in the Court of Equity between the Courts of Common Pleas and of Probate.

As to exceptions 6 and 7, we do not think the judgment here appealed from is decisive of such questions, and we prefer to confine ourselves to the case as made.

It is the judgment of this court that the judgment of the Circuit Court be reversed, and that the cause be remanded to the Circuit Court of Aiken for a new trial, under the principles as to certain testimony herein defined.

MR. JUSTICE MCGOWAN concurred.

MR. CHIEF JUSTICE MCIVER. I concur in the result, on the following grounds: As I understand the matter, the record of the case, in which the Judge of Probate undertook to make the order of sale, under which defendants claim, still remained in the Court of Common Pleas, and subsequent to the sale ordered by the Judge of Probate, the Court of Common Pleas, upon whose dockets the case still remained, actually made an order in the cause. Now, as the Court of Common Pleas could, under the Constitution, exercise jurisdiction in the cause, it seems to me that there is much more reason to assume that said cause was transferred to the Court of Common Pleas rather than to the Court of Probate, where no part of the record was ever found, unless the order of sale be so regarded. While, therefore, the order of sale made in a case of which the Court `of Probate could take jurisdiction, might afford a presumption that all previous proceedings leading up to such order were regular, under the cases of *Smith* v. *Smith*, Rice, 232, and *McQueen* v. *Fletcher*, 4 Rich. Eq., 152, recognized in *Brown* v. *Coney*, 12 S. C., 151, yet such presumption would be rebutted by the fact that the record was, in fact, in another court, and never had been in the Court of Probate.

                                             Judgment reversed.